| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

U.S. BANK, N.A., §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus § CIVIL ACTION NO. 1:14-CV-670
　　　　　　　　　　　　　　§
DENNY ALLAIN, §
　　　　　　　　　　　　　　§
　　　　　Defendant. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff U.S. Bank, N.A.'s ("U.S. Bank") Motion to Remand (#3). U.S. Bank seeks remand to state court of its action against Defendant Denny Allain ("Allain") on the grounds that the court lacks federal question jurisdiction and that Allain's removal is barred by the forum defendant rule. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that U.S. Bank's motion should be GRANTED.

I.　　Background

This suit concerns the foreclosure of a property in which Allain resides, located at 2361 Louisiana Street, Beaumont, Texas 77702. On November 4, 2014, the Louisiana Street property was sold in a non-judicial foreclosure sale. The Substitute Trustee's Deed was recorded on November 17, 2014, in the real property records of Jefferson County, Texas. Following foreclosure, U.S. Bank submitted a written demand to Allain, requesting that he vacate the property by November 21, 2014. Allain did not vacate the property. On December 3, 2014, U.S. Bank filed its Original Petition for Forcible Detainer in the Justice Court of Precinct 1 Place 1 of

Jefferson County, Texas. A hearing in the matter was scheduled for December 18, 2014, at 1:30 p.m.

On December 17, 2014, Allain removed the case to this court on the bases of federal question jurisdiction and diversity of citizenship. Allain asserts that federal question jurisdiction exists because this action involves "Plaintiff's attempt to deprive Defendant of his property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution, for damages under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act." Although Allain alleges that he also removes this case under 28 U.S.C. § 1332, he does not explain how complete diversity exists among the real parties in interest. U.S. Bank responds that forcible detainer actions are governed by the Texas Property Code and are questions of state law rather than federal law. Further, U.S. Bank argues that although complete diversity exists in this action, the forum defendant rule renders removal procedurally defective. Accordingly, U.S. Bank contends that remand is warranted.

II. Analysis

    A. Removal Jurisdiction

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden

of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 1998). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251. "The

3

removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723.

B. <u>Federal Question Jurisdiction</u>

A federal question arises if a substantial, disputed question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *See Davila*, 542 U.S. at 207; *Caterpillar*

*Inc.*, 482 U.S. at 392; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Gutierrez*, 543 F.3d at 251-52; *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir.), *cert. denied*, 553 U.S. 1080 (2008); *Hoskins*, 343 F.3d at 772. "Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank*, 128 F.3d at 922; *see Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.), *cert. denied*, 537 U.S. 1046 (2002). "Under the 'well pleaded complaint' rule, . . . a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law." *Frank*, 128 F.3d at 922 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)); *accord Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003), *cert. denied*, 540 U.S. 1104 (2004); *Howery*, 243 F.3d at 916 n.12. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Pursuant to the well-pleaded complaint rule, a case does not arise under federal law and, thus, is not removable if the complaint asserts only state law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd.*, 463 U.S. at 10).

On the face of U.S. Bank's complaint, it does not appear that federal law creates any of the causes of action alleged or that its right to relief depends on the resolution of a substantial, disputed question of federal law, as required for federal question jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 392; *MSOF Corp.*, 295 F.3d at 490. Rather, U.S. Bank's complaint asserts a

5

traditional state law claim. *See Bank of N.Y. Mellon Trust Co., N.A. v. De La Fuente*, No. 3:14-CV-3627, 2014 WL 6901794, at *4 (N.D. Tex. Dec. 8, 2014) (remanding forcible detainer action under similar facts); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction . . . ."); *see also Fannie Mae v. Lee*, No. 3:10-CV-1047-L, 2010 WL 3025533, at *3 (N.D. Tex. July 30, 2010). Further, the federal defenses that Allain alleges are not considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction.").

Accordingly, because U.S. Bank's complaint does not raise a federal issue, nor is U.S. Bank's right to relief dependent upon a resolution of federal law, the court lacks federal question jurisdiction.

C.   Diversity Jurisdiction

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001). "'In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal

to federal court.'" *Uglunts v. Am. Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)). Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants is a citizen of the state in which the action was brought. *Gasch*, 491 F.3d at 281 (citing 28 U.S.C. § 1441(b)(2)); *Lincoln Prop. Co.*, 546 U.S. at 89; *In re 1994 Exxon Chem. Fire,* 558 F.3d at 391; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006); *Vasquez v. Pease*, No. SA-14-CV-609-XR, 2014 WL 4072084, at *1-2 (W.D. Tex. Aug. 15, 2014).

U.S. Bank concedes that complete diversity exists. Nonetheless, the existence of diversity jurisdiction does not end the inquiry with regard to Plaintiff's motion to remand. Section 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co.*, 546 U.S. at 89; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006). "Failure to comply with the forum defendant rule renders removal procedurally defective." *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392-94); *see Fed. Nat'l Mortg. Ass'n v. Bullington*, No. 4:13-CV-788, 2013 WL 5530266, at *2 (N.D. Tex. Oct. 4, 2013); *JP Morgan Chase, N.A. v. Silva*, No. 3:13-CV-3314, 2013 WL 4870289, at *1 (N.D. Tex. Sept. 12, 2013); *Holmes v. Lafayette*, No. 4:11-CV-21, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013).

7

Here, Allain is a citizen and resident of Texas—the same state in which U.S. Bank filed the underlying forcible detainer proceeding. Further, Allain has neither argued nor established that he was not properly served in the state court action. Accordingly, because an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit, Allain's removal was procedurally defective.

III. Conclusion

Based on the aforementioned analysis, this case was improvidently removed, and remand is warranted. Accordingly, the court finds that U.S. Bank's Motion to Remand (#3) should be granted and this action should be remanded to the Justice Court of Precinct 1 Place 1 of Jefferson County, Texas. An order of remand will be entered separately.

SIGNED at Beaumont, Texas, this 17th day of February, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE